UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
REAL ESTATE EQUITIES, CORP.,                Case No.:

                 Plaintiff,                    Civil Action

   -against-                                **VERIFIED COMPLAINT**

JOSEPH SOUFER, JOHN and JANE DOES 1-
10, and ABC COMPANIES 1-10,

                 Defendants.
---------------------------------------------------------X

       Plaintiff Real Estate Equities, Corp., as its Verified Complaint, says as follows:

### Nature of the Action

    1)     This action arises from the negotiations by Defendant Joseph Soufer with Plaintiff for a long term ground lease for two floors of a building located at 958 Madison Avenue, New York, New York ("Property").  Plaintiff expended substantial time and more than $100,000.00 in professional fees and expenses in reliance on knowingly false representations made by Defendant to induce Plaintiff to engage in negotiations in order to increase the value of the property at Plaintiff's expense for the benefit of Defendant.

### Jurisdiction and Venue

    2)     Jurisdiction over this matter resides in this Court pursuant to 28 U.S.C § 1332 in that there is complete diversity of citizenship among the parties and the amount in controversy exceeds the statutory jurisdictional threshold.

    3)     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because the real property at issue lies within the Court's jurisdictional territory, and a substantial part of the events in question occurred within said territory.

**Parties**

4) Plaintiff Real Estate Equities, Corp. ("REEC") is a New York corporation with offices at 18 East 48th Street, New York, New York.

5) Joseph Soufer is an individual and a medical doctor whose business address is c/o Phoenix Internal Medical Associates, 500 Chase Pkwy #3, Waterbury, Connecticut 06708.

6) Joseph Soufer is an owner of the Property.

**Background**

7) In 2015, Joseph Soufer caused the Property to be advertised for lease through a well known commercial realtor ("Realtor").

8) REEC expressed an interest in leasing the property and engaged in extensive negotiations through the Realtor and directly through numerous conversations and meetings with Joseph Soufer and his agent, Rozita Shay ("Shay").

9) In February 2016, after a series of meetings and negotiations with Shay and Soufer, Shay represented to REEC's representative that, "You have a deal," which was confirmed by Soufer.

10) On or about February 23, 2016, the Realtor offered REEC a term sheet for a proposed 40-year lease of the ground floor and second floor of the Property with an option to purchase the entire property.

11) In reliance upon this term sheet and Shay and Soufer's representations that they had a deal, REEC in good faith engaged the services of attorneys, title agencies and paid over $100,000.00 to secure financing.

12) Joseph Soufer engaged the services of two attorneys who worked with REEC's attorney to "fine-tune" the deal.

13) At all relevant times, REEC and its representatives dealt with Jordan D. Tolman of Levy, Tolman & Costello, LLP and Wayne M. Lopkin, who REEC was led by Soufer to believe had authority to act on his behalf. Attorneys Tolman and Lopkin, plus Shay, were represented by Joseph Soufer as the exclusive agents for Soufer with regard to the Property.

14) REEC's attorney Soufer's attorneys were working together to memorialize these agreed-upon terms in final documents, including but not limited to a "Net Lease" and a leasehold mortgage "Recognition Agreement."

15) REEC obtained financing for the transaction.

16) At Joseph Soufer's request, REEC agreed to a term of 75 years rather than 40 for the proposed ground lease.

17) Without any warning or notice, however, suddenly another attorney contacted REEC and alleged that only he, and not Joseph Soufer or Rozita Shay or Soufer's attorneys, had authority to negotiate regarding the Property.

18) Notwithstanding the other attorney's representations, Defendant Soufer advised REEC in a meeting at the Mark Hotel in or about January 2016 that only he had the authority to sign the final contract documents, and that there was indeed a "meeting of the minds."

19) Inexplicably, on or about June 1, 2016, Defendant Soufer proposed revised terms that were so unreasonable and disadvantageous to REEC as to be obviously calculated to terminate negotiations with REEC, including, among other things, the fact that REEC's option to purchase the Property at a price to be agreed before going to contract had been replaced with a right of first refusal.

20) Defendant Soufer has now improperly broken off negotiations with REEC and stated that 958 Madison Associates will not enter into a transaction with REEC for the Property,

although, REEC had reached an agreement that only needed to be "fine-tuned" and that REEC was ready, willing and able to perform.

21) As a result of Defendants' conduct, REEC has suffered damages.

## FIRST COUNT
### (Promissory Estoppel Against Joseph Soufer)

22) Plaintiff REEC repeats the allegations of the preceding paragraphs as if set forth here at length.

23) In stating to REEC that "it had the deal" and in assuring REEC that he would sign, Defendant Soufer made a clear and unambiguous promise that he would finish the negotiations in good faith and execute a lease transaction with REEC.

24) REEC relied to its detriment on Joseph Soufer's promise in continuing to negotiate in good faith, and in spending very substantial additional monies on professional fees and other due diligence and negotiation expenses.

25) As a result of Defendant Soufer's unjustified and unreasonable refusal to continue negotiating to consummate a transaction as promised, REEC has suffered damages.

26) Due to the unique and irreplaceable nature and value of the Property for which a transaction was promised to Plaintiff by the Defendant, the damages suffered by the Plaintiff can only be cured with judicial intervention.

## SECOND COUNT
### (Equitable Estoppel Against Joseph Soufer)

27) Plaintiff REEC repeats the allegations of the preceding paragraphs as if set forth here at length.

28) Defendant Soufer has engaged in conduct that includes false representation to REEC of material facts with regard to Defendant's intention to negotiate in good faith to consummate a valid and enforceable lease agreement with REEC.

29) Defendant has engaged in conduct that includes concealment of material facts, including but not limited to the existence of negotiations between the Defendant and third parties for the leasing of the Property, despite representations by the Defendant that a deal had been reached and that the Defendant would execute a lease with REEC.

30) The Defendant knew or should have known that his representations to REEC were false and misleading, and those representations were intentionally made with the purpose that REEC rely thereon.

31) REEC had no knowledge of the true facts regarding the Defendant's representations, which were false and fraudulent.

32) REEC relied reasonably and justifiably relied upon the Defendant's representations that the Defendant would negotiate in good faith to agree on the terms of a lease agreement with REEC.

33) REEC undertook a reasonable course of action in reliance upon and in accordance with the Defendant's representations and promises, and REEC will suffer a prejudicial change in condition if the Defendant does not follow through on his representations and promises to REEC.

## THIRD COUNT
### (Fraud Against Joseph Soufer)

34) Plaintiff REEC repeats the allegations of the preceding paragraphs as if set forth here at length.

35) The Defendant falsely represented to REEC that he had authority to negotiate with REEC and enter into a binding agreement with REEC.

36) The Defendant falsely represented to REEC that Rozita Shay and Joseph Soufer were exclusively authorized to speak and negotiate regarding a transaction for the Property.

37) The Defendant falsely represented to REEC that a deal had been reached for the transaction with REEC.

38) These representations were knowingly false when made, and they were made with the intent that REEC rely on them in order to induce REEC to participate in negotiations to augment the value of the subject property.

39) REEC expended very substantial time and money in reliance on the false and fraudulent representations knowingly made by the Defendant.

40) As a direct and proximate result, REEC has suffered damages.

## FOURTH COUNT
### (Unjust Enrichment Against Joseph Soufer)

41) Plaintiff REEC repeats the allegations of the preceding paragraphs as if set forth here at length.

42) The Defendant has unfairly benefitted at the expense of REEC through the increase in the value of the subject property as a result of the agreement by REEC to enter into a ground lease transaction resulting from negotiations conducted by REEC with Defendant Soufer and his agent in good faith.

43) Equity and good conscience require that the Defendant pay restitution to REEC for damages caused.

WHEREFORE, Plaintiff REEC demands judgment against Defendant Joseph Soufer as follows:

    A. For injunctive relief in the form of an order directing Defendant Joseph Soufer to negotiate in good faith with REEC toward agreement on a lease agreement for the Property;

    B. For compensatory, incidental and consequential damages;

C. For punitive damages;

D. For attorneys' fees;

E. For costs of suit; and

F. For such other and further relief as the Court may deem equitable and just.

Dated: 7/27 , 2016

FISCHER PORTER & THOMAS, P.C.
*Attorneys for Real Estate Equities, Corp.*

Arthur "Scott" L. Porter, Jr.
560 Sylvan Avenue, Suite 3061
Englewood Cliffs, NJ 07632
(201) 569-5959
(201) 871-4544 fax
aporter@fpt-law.com

Kaplan Kravet & Vogel, P.C., Of Counsel
630 Third Avenue, Suite 501
New York, NY 10017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
REAL ESTATE EQUITIES CORPORATION,

                              Plaintiff,                Case No.:

        -against-                                  Civil Action

JOSEPH SOUFER, JOHN and JANE DOES 1-        **VERIFICATION**
10, and ABC COMPANIES 1-10,

                              Defendants.
-----------------------------------------------------------x

STATE OF NEW YORK   )
                             ) SS.:
COUNTY OF NEW YORK )

        Michael Miller, being duly sworn, deposes and says:

        That he is President of Plaintiff Real Estate Equities, Corp.; that he has read the foregoing Verified Complaint and knows the contents therein to be true, except as to those matters therein stated to be alleged upon information and belief, and as to those matters deponent believes them to be true.

        The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows: books and records of Real Estate Equities, Corp.

                                                                                   Michael Miller

Sworn to before me this 27th
day of July, 2016

_Christine Frangipane_
Notary Public

**CHRISTINE FRANGIPANE**
**Notary Public, State of New York**
**No. 01FR4678436**
**Qualified in New York County**
**Commission Expires June 30, 2019**

8