# MorrisonCohen LLP

Y. David Scharf
(212) 735-8604
dscharf@morrisoncohen.com

September 2, 2016

**VIA ECF**

Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

      Re:     Real Estate Equities, Corp. v. Soufer, No. 16-cv-6006 (S.D.N.Y.)

Dear Judge Carter:

      This firm is counsel to Defendant Dr. Joseph Soufer and non-party 958 Madison Associates ("958 Madison") in regards to the captioned matter commenced by Real Estate Equities Corp. ("REEC"). We intend to file a motion to dismiss REEC's Complaint under F.R.C.P. 12. Pursuant to Rule 2(A) of Your Honor's Individual Practice Rules, we write to request a pre-motion conference to address our anticipated motion.

Background

      By way of brief background, 958 Madison is a partnership that owns the property 958 Madison Avenue in Manhattan. From late 2015 to early 2016, 958 Madison and REEC engaged in preliminary negotiations concerning a potential lease of certain portions of 958 Madison Avenue to REEC. Pursuant to those negotiations, the parties exchanged term sheets and lease drafts that were expressly non-binding. Ultimately, 958 Madison chose to pursue other leasing options. REEC filed this action on July 28, 2016 solely against Dr. Soufer, alleging that he had negotiated a binding agreement for a lease with REEC.[1] Through counsel, 958 Madison and Dr. Soufer demanded that REEC withdraw its frivolous Complaint and stated Dr. Soufer's intention to file a Rule 12 motion to dismiss in conjunction with serving a Rule 11 motion on REEC. To date, REEC has not responded to that demand.

Defendant's Proposed Motion to Dismiss

      *First*, Defendant intends to move to dismiss the Complaint pursuant to F.R.C.P. 12(b)(7) for Plaintiff's failure to join 958 Madison as a necessary and indispensable party to this action. The Complaint specifically requests that the Court order Dr. Soufer to return to the negotiating table and finalize a lease with REEC. (*See* Complaint, Wherefore clause, p. 6 (requesting

---

[1] We note that REEC has filed with this Court a demonstrably false affidavit of service attesting that personal service of the Complaint was effected on Dr. Soufer, but listing a different individual as the person actually served. To date, REEC has failed to effect proper service of the summons and Complaint.

"injunctive relief in the form of an order directing Defendant Joseph Soufer to negotiate in good faith with REEC toward agreement on a lease ….").) Yet REEC well knows that 958 Madison, not Dr. Soufer, would be bound to such a lease. Indeed, the explicitly non-binding term sheet referenced in the Complaint (*see* Complaint ¶ 10) lists 958 Madison as the "Landlord" of the property, and the unsigned draft lease referenced in the Complaint (*id.* ¶ 14) states that the "Landlord" is "958 Madison Associates, a New York general partnership."

The obvious reason that REEC has named Dr. Soufer as the sole defendant, and falsely cast him as REEC's counterparty, is to improperly manufacture diversity jurisdiction in this Court. REEC is a New York corporation (*see* Complaint ¶ 4) and 958 Madison is a New York-based partnership with at least one New York-resident partner; therefore, 958 Madison would destroy REEC's basis for jurisdiction in this Court. *See Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 69 (2d Cir. 1990) ("[F]or diversity purposes a partnership is deemed to take on the citizenship of each of its partners."). But 958 Madison is undoubtedly an indispensable party to this action pursuant to F.R.C.P. 19, as the Complaint specifically requests the Court's intervention to compel Dr. Soufer to negotiate a final lease agreement between REEC and *958 Madison* concerning real property *that is owned by 958 Madison*. REEC cannot exclude from this litigation the very party that it seeks to hold to a binding agreement. *See, e.g.*, *Kermanshah v. Kermanshah*, No. 08-cv-409(BSJ)(AJP), 2010 U.S. Dist. LEXIS 45896, *10 (S.D.N.Y. May 11, 2010). In fact, the Complaint admits to the absence of an indispensable party by naming several "John and Jane Does" and "ABC Companies" as defendants, which is simply a ploy to avoid naming 958 Madison, the clear indispensable party here, as a defendant.

*Second*, Defendant intends to move to dismiss the Complaint pursuant to F.R.C.P. 12(b)(6) for Plaintiff's failure to state a claim upon which relief may be granted. Plaintiff has asserted causes of action against Dr. Soufer for (i) promissory estoppel; (ii) equitable estoppel; (iii) fraud; and (iv) unjust enrichment. All of these claims are premised on the false allegation that Dr. Soufer made representations to REEC in early 2016 that there was a "deal" in place, and that REEC relied on these statements by spending over $100,000 in securing financing and incurring other expenses. (Complaint ¶¶ 9, 11, 18.)

REEC's promissory estoppel, equitable estoppel, and fraud claims fail as a matter of law because the documents cited by REEC in the Complaint readily show that it cannot establish reasonable reliance (a necessary element of each claim[2]) on Dr. Soufer's alleged statements. The term sheet in question (*see* Complaint ¶ 10) states that "(i) this letter does not create any binding obligation on either party, (ii) either party may terminate Lease negotiations at any time for any reason without liability to the other party, and (iii) any party proceeding on the basis of this letter … is doing so at its own risk." The draft lease cited by REEC (*id.* ¶ 14) states that it "shall have no binding force or effect and shall confer no rights nor impose any obligations on either Party…." Thus, REEC's promissory estoppel, equitable estoppel, and fraud claims are insufficient as a matter of law because REEC – a sophisticated commercial party – could not have reasonably relied on alleged oral statements that were directly contradicted by multiple written disclaimers in the very documents REEC cites in the Complaint. *See. e.g.*, *Ashland*, 652 F.3d at 337-39. Because REEC relies on the term sheet and draft lease cited in the Complaint to state its claims (*see id.* ¶¶ 10, 11, 14), these documents are "integral" to the Complaint and can

---

[2] *See Ashland Inc. v. Morgan Stanley & Co., Inc.*, 652 F.3d 333, 337-339 (2d Cir. 2011); *In re Legacy Healthcare*, 447 Fed. Appx. 236, 239 (2d Cir. 2011).

be considered by the Court on a Rule 12(b)(6) motion. *See International Audiotext Network v. American Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995).

Moreover, Plaintiff's fraud claim also fails as a matter of law because its vague allegations concerning Dr. Soufer's purported statements (*see* Complaint ¶¶ 9, 18) are insufficient to meet the heightened pleading requirements of F.R.C.P. 9(b). Plaintiff's promissory estoppel claim (*see* Complaint ¶¶ 22-26) also fails as a matter of law because Plaintiff cannot show that Dr. Soufer made a "clear and unambiguous promise" to REEC, or that REEC suffered an "unconscionable injury" as a result. *See Steele v. Delverde*, 242 A.D.2d 414, 415 (1st Dep't 1997). And Plaintiff's equitable estoppel claim (*see* Complaint ¶¶ 27-33) is legally insufficient because REEC cannot show that it lacked knowledge of the true facts of the parties' negotiations, and because its claim impermissibly relies on the same allegations that underlie its other claims. *See In re Legacy Healthcare*, 447 Fed. Appx. at 239 (2d Cir. 2011); *Tenamee v. Schmukler*, 438 F. Supp. 2d 438, 445 (S.D.N.Y. 2006).

As for Plaintiff's unjust enrichment claim, Plaintiff has failed to allege a cognizable theory of how Dr. Soufer has "unfairly benefitted" (Complaint ¶ 42) from the negotiations with REEC, which is an essential element of the claim. Further, REEC cannot demonstrate that equity and good conscience require that restitution be made to it (*see* Complaint ¶ 43), which is also a necessary element of the claim. *See Ashland*, 652 F.3d at 339.

The obvious purpose of the Complaint is to harass and attempt to strong-arm 958 Madison to return to the negotiating table. There are no valid causes of action in the Complaint, which is rife with misrepresentations intended to mislead this Court into believing that diversity jurisdiction exists. Accordingly, Defendant respectfully submits that he is entitled to an order dismissing all of Plaintiff's claims pursuant to F.R.C.P. 12(b)(6) and/or 12(b)(7), and respectfully requests that the Court order a pre-motion conference at its earliest convenience.

                                                              Respectfully submitted,

                                                              Y. David Scharf

cc:     Arthur L. Porter, Esq.
         Fischer Porter & Thomas, P.C.
         560 Sylvan Avenue, Suite 3061
         Englewood Cliffs, NJ 07632

         *Attorneys for Plaintiff* (via ECF)